IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TAMMY GODFREY BEETS,

            Plaintiff

VS.

GUY HICKMAN, *et al.,*

            Defendants

NO. 5:06-CV-192 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## ORDER AND RECOMMENDATION

In lieu of filing an answer in the above-styled case, the defendants have filed a MOTION TO DISMISS, TO REQUIRE MORE DEFINITE STATEMENT, AND TO STRIKE. Tab #4. Attached to the defendants' motion is a supporting brief. Plaintiff TAMMY GODFREY BEETS has responded the to the defendants' motions (Tab #8), and the defendants have replied to her response (Tab #9).

The defendants' motion seeks dismissal of certain claims, alleging that the plaintiff's complaint fails to set forth grounds for relief pursuant to §1983, specifically questioning what federal rights have been violated. While it might have been unclear that the plaintiff's complaint was citing the Eighth Amendment as the federal right that has been violated,[1] her response clearly sets out constitutional claims pursuant to the Eighth Amendment, and IT IS RECOMMENDED that the suit continue on Eighth Amendment grounds.

---

[1]The complaint alleges generally that the defendants' actions were "in violation of the Constitution [] of the United States." Complaint, Tab #1 at ¶¶ 24, 25, and 26.

## CLAIMS UNDER THE CONVENTION AGAINST TORTURE AND THE ALIEN TORTS STATUTE

In addition to Eighth Amendment claims, the plaintiff also contends that she is entitled to recover damages pursuant to an international treaty prohibiting torture[2] and the Alien Torts Statute (ATS).[3] Neither of these laws is applicable to this proceeding as the Convention Against Torture (CAT) does not create any right enforceable in a civil proceeding[4] and the ATS is intended to protect aliens, not American citizens. Thus, to the extent that the complaint seeks to recover damages from the defendants under either the Convention Against Torture or the ATS, such reliance is misplaced. Accordingly, IT IS RECOMMENDED that plaintiff's claims for relief brought pursuant to the CAT or ATS [through §1983] be DISMISSED.

In light of the foregoing, IT IS RECOMMENDED that the defendants' MOTION TO DISMISS (Tab #4) be **PARTIALLY GRANTED** as consistent with the above Recommendation. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

## PENDENT CLAIMS

The defendants also object to the complaint's assertions that the defendants violated the Constitution and laws of the State of Georgia, averring that §1983 does not provide for a federal forum to hear violations of state civil rights law. The defendants acknowledge that it is possible, in some circumstances, to join a state law claim with a federal claim in federal district court but contend that this case does not meet the necessary criteria for such an action.

---

[2] The CONVENTION AGAINST TORTURE AND OTHER CRUEL, INHUMAN OR DEGRADING TREATMENT OR PUNISHMENT, incorporated at 18 U.S.C. §2340, *et seq.*

[3] 28 U.S.C. §1350

[4] 18 U.S.C. § 2340B

Plaintiff Beets' response is virtually non-responsive to those contentions, and neither her complaint nor her response sets forth any specific Georgia statute or constitutional provision under which her case should be brought. It appears at this time that the claims involved in the plaintiff's state and federal claims *may* "derive from a common nucleus of operative fact" (*United Mine Workers of America v. Gibbs*, 86 S.Ct. 1130, 1139 (1966)), and that this federal district court therefore *might* have the power to exercise pendent jurisdiction over the state claims.

Accordingly, plaintiff Beets is hereby ORDERED **WITHIN TWENTY (20) DAYS** of the date of this Order to provide to the court with the specific Georgia laws under which she claims relief.. The court will treat the plaintiff's response as an amended complaint, and the defendants will be afforded an opportunity to answer (and refute) the allegations contained therein.[5]

### MOTION FOR A MORE DEFINITE STATEMENT

The defendants have also asked the court to order the plaintiff to set out a more definite statement with respect to supervisory liability. The plaintiff makes sweeping allegations regarding defendants Warden GUY HICKMAN and Deputy Warden CONNIE ROUSE which are in some instances lumped together with allegations against defendant LINDON ROZIER (*see e.g.* Complaint, Tab #1 at ¶¶ #28, #29, and #30). As presented, the allegations against defendants HICKMAN and ROUSE are too vague to establish supervisory liability. A more explicit statement of supporting facts is necessary.[6]

---

[5] Since the exercise of pendant jurisdiction is discretionary, the court should reserve the right to dismiss these state claims, or remand them to state court, at a later date if such action would be in the interest of justice or judicial economy. *See **Ortega v. Schramm**,* 922 F.2d 684 (11th Cir. 1991).

[6] For example, Paragraph 25 of the plaintiff's complaint states that
> Defendant Warden Hickman and Defendant Deputy Warden Rouse condoned and were deliberately indifferent to the reputation and history of the pattern and practice of sexual activity of Defendant Dozier [sic] with other female inmates at Pulaski State Prison and failed to take necessary security measures to protect Plaintiff from sexual attack. . ..

Accordingly, **WITHIN (20) DAYS** of the date of this order, plaintiff is ORDERED to provide a more definite statement with respect to the facts and circumstances which might hold defendants HICKMAN and ROUSE liable for a violation of plaintiff Beets' federal rights.

### MOTION TO STAY DISCOVERY

Finally, the defendants have filed a motion seeking to stay discovery until the court has ruled on its other motion(s). Tab #7. Plaintiff BEETS has responded to the defendants' motion. Tab #8. Upon consideration of the motion and the response filed thereto, the undersigned finds the defendants' argument regarding the parties incurring unnecessary expenses compelling. Therefore, IT IS ORDERED that the start of discovery shall be stayed until the district judge to whom this case is assigned has ruled on the Recommendations set forth herein and the plaintiff has filed a more definite statement regarding defendants HICKMAN and ROUSE. The defendants' MOTION TO STAY DISCOVERY (Tab #7) is therefore GRANTED.

SO ORDERED AND RECOMMENDED, this 27th day of FEBRUARY, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE