# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

TAMMY GODFREY BEETS, :
:
    Plaintiff, :
: Case No.: 5:06-cv-192 (CAR)
v. :
:
GUY HICKMAN et al., :
:
    Defendants. :

## *ORDER ON THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Report and Recommendation [Doc. 11] that Defendants' Motion to Dismiss [Doc. 4] be granted in part and denied in part. Specifically, the Magistrate Judge recommended granting Defendants' Motion to Dismiss with respect to Plaintiff's claims under the Convention Against Torture and the Alien Torts Statute, but denying Defendants' Motion to Dismiss with respect to Plaintiff's federal constitutional claims. The Magistrate Judge further ordered Plaintiff to make a more definite statement of both her pendent state law claims and her supervisory liability claims against Defendants Guy Hickman and Connie Rouse. Finally, the Magistrate Judge granted Defendants' Motion to Stay Discovery [Doc. 7] pending this Judge's ruling on his Report and Recommendation. Both parties filed objections to the Recommendation. [Docs. 12, 13.][1]

Having considered the United States Magistrate Judge's Report and Recommendation, and the parties' objections thereto de novo, this Court agrees with the findings and conclusions

---

[1] In actuality, Plaintiff's "Objection" to the recommendation serves as both an "Objection" to the Magistrate Judge's Recommendation and a "Response" to his directives.

of the United States Magistrate Judge. Accordingly, the Magistrate Judge's Recommendation is hereby **ADOPTED AND MADE THE ORDER OF THE COURT**. Consistent with the Magistrate Judge's Recommendation, the Court further provides the following:

### PLAINTIFF'S PENDENT STATE LAW CLAIMS

First, with respect to Plaintiff's pendent state law claims, Defendants' Motion to Dismiss is **GRANTED**. In his Recommendation, the Magistrate Judge permitted Plaintiff's state law claims to proceed on the condition that she provide a more definite statement of those claims. In her Response to the Magistrate Judge's Recommendation, Plaintiff partially complied with the Magistrate Judge's directive: she specified the Georgia law claims she intended to pursue against Defendants; however, she failed to provide evidence of having given an *ante litem* notice, which is a mandatory prerequisite to bringing such claims. See O.C.G.A. § 50-21-26 (West 2006). Therefore, because Plaintiff has failed to provide evidence of having given an *ante litem* notice, after having been afforded a second opportunity to do so by the Magistrate Judge, her pendent Georgia law claims are hereby **DISMISSED**.

### PLAINTIFF'S SUPERVISORY LIABILITY CLAIMS

Second, with respect to her supervisory liability claims against Defendants Hickman and Rouse, Defendant's Motion to Dismiss is **GRANTED**. In his Recommendation, the Magistrate Judge instructed Plaintiff to provide a more definite statement of her supervisory liability claims. In her Response, Plaintiff explains that her claims against Hickman and Rouse are based on their "notice and condon[ation of] the pattern and practice of sexual and physical abuse against other female prisoners." (Pl.'s Obj'n & Resp. 4.) This explanation merely reiterates the allegations appearing in Plaintiff's complaint. Because Plaintiff has failed to comply with the Magistrate

Judge's Order directing her to provide a more definite statement of her supervisory liability claims against Hickman and Rouse, these claims are **DISMISSED WITHOUT PREJUDICE**. If, during the course of discovery, Plaintiff learns of information providing a factual basis to support a supervisory liability claim against either Hickman or Rouse, or both, the Court will entertain a motion to amend.

### PLAINTIFF'S REMAINING CONSTITUTIONAL CLAIMS

Third, Plaintiff's remaining constitutional claims may proceed. In his Recommendation, the Magistrate Judge found a more definite statement of these claims to be unnecessary, since Plaintiff's complaint clearly set forth Eighth Amendment claims, despite the lack of citation to the Eighth Amendment therein. In their Objection, Defendants argue that Plaintiff "at least should have to affirm expressly the Magistrate Judge's conclusion that her federal constitutional claim is based solely on the Eight Amendment." (Def.'s Obj'n 6.) Though, ideally, Plaintiff's counsel would have cited this constitutional provision in the complaint, the Court finds Plaintiff's reference to the Eighth Amendment in her Response to the Magistrate Judge's Recommendation sufficient to permit the claim to proceed. Plaintiff cites no other federal constitutional provisions in her Response, and accordingly, the Eighth Amendment is the only provision under which the Plaintiff will be permitted to proceed.

### DEFENDANT'S MOTION TO STAY DISCOVERY

Finally, in light of this Court's ruling on the Magistrate Judge's Report and Recommendation, the stay of discovery is hereby lifted.

**SO ORDERED**. This 28th day of March, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

AEG/ssh