IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TAMMY GODFREY BEETS,

                Plaintiff

VS.

LYNDON ROZIER,

                Defendant

NO. 5:06-CV-192 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

**O R D E R**

Before the court are the defendant's MOTION TO COMPEL, FOR ATTORNEYS' FEES AND COSTS, AND FOR EXTENSION OF THE DISCOVERY PERIOD and the plaintiff's MOTION FOR PROTECTIVE ORDER in the above-styled case. Tabs #25 and #28. At the heart of both of these motions are the identities and contact information of a number of potential witnesses in the above-styled case. The interrogatories are as follows:

> **Interrogatory No. 1**
> Please provide the names, current addresses and telephone number fo all current and former spouses of Plaintiff, including dates of marriage and the date on which the marriage terminated, whether by divorce, annulment, or death.
>
> **Interrogatory No. 2**
> Please provide the names, current address, and telephone number for all of Plaintiff's children, including former and current stepchildren, including the dates of birth for each child or stepchild identified.
>
> **Interrogatory No. 3**
> Please provide the names, addresses and telephone numbers for all employers for Plaintiff for the ten (10) years immediately preceding her sentencing and incarceration for the offense(s) for which she was in custody at Pulaski State Prison in March 2005.

Plaintiff TAMMY GODFREY BEETS has objected to the first two interrogatories on the grounds that she has received threatening phone calls regarding this case and fears for her own well-being and the well-being of her family if she were to provide such information. While the undersigned is sympathetic to the plaintiff's concerns about the safety of her family, the Court cannot permit witnesses with potentially discoverable information to be shielded from providing discovery.

That being the case, the plaintiff is **DIRECTED WITHIN TEN (10) DAYS** to provide the NAMES and ADDRESSES of her children and her current and former husbands, as well as the requested dates, to the extent she has such information. In light of her fear of menacing telephone calls, plaintiff will not be required to provide the defendants with telephone numbers for those parties.

Plaintiff is reminded that any protection she seeks for herself or her family relating to this case is the responsibility of law enforcement, not this Court. That being the case, the plaintiff should contact her local police and/or sheriff if she feels as though her safety is in danger.

Additionally, the plaintiff is **DIRECTED WITHIN TEN (10) DAYS** to respond to Interrogatory Number 3 in its entirety, as the identification of past employers could lead to the discovery of admissible evidence and a period of ten years is not unreasonable.

In light of the above rulings, discovery in this case shall be RE-OPENED for all parties for a period of **SEVENTY (70) DAYS** from the **date** of this Order. Dispositive motions shall be filed no later than THIRTY (30) DAYS after the close of this renewed discovery period.

Finding that a legitimate issue exists as to the disclosure of names, addresses, etc. of spouses, children, *et al.*, the undersigned finds that attorneys fees should not be awarded as requested by counsel for the defendants. That request is therefore DENIED.

Accordingly, the defendant's **MOTION TO COMPEL, FOR ATTORNEYS' FEES AND COSTS, AND FOR EXTENSION OF THE DISCOVERY PERIOD** (Tab #25) is GRANTED IN PART AND DENIED IN PART as hereinabove set out; plaintiff's **MOTION FOR PROTECTIVE ORDER** (Tab #28) is **GRANTED IN PART** as consistent with this Order; and, the defendant's **MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS** (TAB #30) is **GRANTED** as set out above.

SO ORDERED this 12th day of MARCH, 2008.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE