IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TAMMY GODFREY BEETS,

                Plaintiff

    VS.

LYNDON ROZIER,

                Defendants

NO. 5:06-CV-192 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

**O R D E R**

      On May 15, 2008, non-party GEORGIA DEPARTMENT OF CORRECTIONS ("GDC") filed with this court a motion to quash a subpoena that the plaintiff had served on it. Tab #33. In its attached memorandum, the GDC makes two arguments in its support: First, that the subpoena was not properly issued, as it was issued by this court — the district court for the Middle District of Georgia — while Rule 45 of the Federal Rules of Civil Procedure provides that subpoenas seeking production or inspection of evidence held by nonparties must be issued by the court in which the production of or inspection is to be made. The GDC is headquartered in Atlanta, in the Northern District of Georgia. Second, the GDC argues that discovery in this case is closed and that discovery on non-parties must be concluded by the end of the court-mandated discovery period.

      The GDC's claim regarding the expiration of discovery is in error. On March 12, 2008, this court ordered that discovery would be extended for a period of SEVENTY (70) DAYS from the date of that order, making the expiration date Wednesday, May 21, 2008. Tab #31. However, the GDC's argument is correct with respect to the requirements of Rule 45, and their motion to quash is therefore **GRANTED**.[1]

      SO ORDERED this 16th day of MAY, 2008.



                                    CLAUDE W. HICKS, JR.
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned acknowledges that it has not afforded the plaintiff adequate time to brief this issue. However, pursuant to Local Rule 7.7, this court may modify such schedule in instances such as this where it may clearly determine from the record before it the relative legal positions of the parties so as to obviate the need for the filing of opposition thereto.