IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TAMMY GODFREY BEETS,

        Plaintiff,

v.

LYNDON ROZIER,

        Defendant.

**NO. 5:06-CV-192 (CAR)**

PROCEEDINGS UNDER 42 U.S.C. §1983

**O R D E R**

    This case involves the alleged sexual assault of a female prison inmate ("Plaintiff") by a correctional officer ("Defendant") and comes to the court as a cause of action for cruel and unusual punishment under the Eighth Amendment, which applies to the states via Fourteenth Amendment incorporation. Before the court is Defendant Lyndon Rozier's MOTION FOR SUMMARY JUDGMENT. Tab #42. Because there are genuine issues of material fact, Defendant's Motion is **DENIED**.

**BACKGROUND**

    The facts, taken in the light most favorable to Plaintiff Beets, are as follows. On or about March 23, 2005, as Plaintiff was cleaning up a room in the prison industries building at Pulaski State Prison, she was confronted by Defendant Lyndon Rozier, a member of the prison CERT team. Following a verbal exchange, Defendant physically engaged Plaintiff in an attempt to force her to have sex with him. During this altercation, Defendant kicked, punched, and beat Plaintiff with a broom. After failing to have actual intercourse, Defendant anally sodomized Plaintiff with a broom handle. In response to Plaintiff's cries for help, an unidentified voice called out from an adjacent room to find out what was happening. Hearing this voice, Defendant responded, lifted himself up off of Plaintiff, and left the room. Following Defendant's departure, Plaintiff dressed and returned to her dormitory; she claims to have suffered severe physical injuries as a result of the attack.

    A few days later, Plaintiff Beets was visited by her husband, her daughter, her ex-husband,

and his wife. After learning of the attack, as well as Plaintiff's reluctance to report it out of fear of reprisal, her husband contacted the FBI and the Southern Center for Human Rights. An attorney from the Southern Center came to interview Plaintiff and view her injuries. Another attorney was contacted by Plaintiff's sister. This attorney contacted Warden Hickman, who then interviewed Plaintiff and learned that she wanted hospital care and a transfer.

During the interview, the Warden summoned a prison nurse named Betty Rogers to his office to assess Plaintiff's injuries. Following this exam, Plaintiff Beets was taken to the emergency room at Taylor Regional Hospital. There, doctors conducted further physical observations and tests, which included taking x-rays and looking for signs of rape in Plaintiff's vaginal and rectal areas.

Hospital records documented at least a dozen yellow and brown bruises physically consistent with those that would remain eight days after the sort of trauma Plaintiff alleges. The locations of these bruises further bolster Plaintiff's testimony, including one bruise measuring ten centimeters across where she claims Defendant slugged her left breast, defensive bruises on her arms and legs, and still more on her inner thighs and pubic area.

Based on this report and her own assessment, Nurse Rogers immediately notified Warden Hickman that Plaintiff needed to be moved to a safer location. Plaintiff was transferred to Metro State Prison that night and has subsequently been released from custody.

## LEGAL STANDARD

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c); Warrior Tombigbee Trans. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, that party cannot rest on her pleadings to present an

issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution.  *See Van T. Junkins & Assoc. v. U.S. Indus., Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact.  *Hairston v. Gainesville Sun Publ'g Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.).  In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party.  *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).  "If the facts, taken in the light most favorable to Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law."  *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (noting purpose of summary judgment is to pierce  pleadings and assess proof in order to see whether genuine need for trial exists); and *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (asking if entire

record could lead rational trier of fact to find for non-movant).

The Eleventh Circuit requires a prisoner to prove her injury was caused by an unnecessary and wanton infliction of pain in order to establish an Eighth Amendment violation for cruel and unusual punishment.  In such cases, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  Absence of serious injury alone is, however, insufficient to dismiss a prisoner's Eighth Amendment claim.  *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996).  The Eleventh Circuit recognizes that severe or repetitive sexual abuse of a prisoner by a prison official can, in itself, violate the Eighth Amendment, as long as more than *de minimis* injuries result.  *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006).  Rape would meet this standard and, therefore, rises to the level of unnecessary and wanton infliction of pain.  As such, Defendant cannot raise a qualified immunity defense, leaving the fact question of whether Defendant actually attacked and raped Plaintiff for a jury to decide.

## DISCUSSION

Plaintiff has met her burden of production through her testimony and corroborating medical evidence.  The evidence produced by Defendant to dispute these material issues of fact primarily goes to the credibility of Plaintiff's story and does not negate Plaintiff's allegations.  Defendant submits essentially three arguments to refute Plaintiff's evidence and show that she was not raped.  First, Defendant contends that the layout and security of the prison facility contradicts Plaintiff's version of events.  Second, Defendant claims that the procedures at the industries building would have prevented the alleged rape at the time and in the manner Plaintiff describes.  Third, Defendant asserts that the nature of Plaintiff's injuries belie her allegations.  In making these arguments, Defendant merely calls into question Plaintiff's credibility.  A reasonable jury could still find for Plaintiff on these facts.  Thus, genuine issues of material fact remain, and the jury must weigh the

controverted evidence at trial.

Defendant first focuses on Plaintiff's statement that at the conclusion of the alleged attack, she simply walked back to her dorm. In order to cast doubt on this statement, Defendant has provided an exhaustive explanation of the prison's physical layout, as well as the various procedures and safeguards that are generally employed to restrict inmate movement within the various areas of the prison. These assertions, which are supported by evidence and affidavits, detail the manner in which security protocols are *supposed* to work; they do not, however, specifically address what *actually* transpired on the day of the alleged attack. Moreover, even if the system were working properly, this argument does not summarily disprove Plaintiff Beet's rather generic statement that she "walked back to her dorm."

Defendant's second argument challenges Plaintiff Beet's statements about there being no other inmates in the prison industries building, her presence at the prison industries building, and her ability to regain possession of her identification card, an item generally needed to move around the prison. In order to discredit Plaintiff's statements, Defendant has once again presented a detailed description and supporting documents and affidavits regarding the procedures generally used in the operation prison industries. Included in this supporting documentation is an excerpt from the log sheet used for checking inmates in and out of work at the facility.

A review of the information excerpted from the log indicates that this argument is defective in a similar way as Defendant's previous argument. That is, the log sheet itself includes entries that read "illegible" and "no departure time noted." Moreover, there is some indication that the log is primarily used to keep track of potentially dangerous tools, not inmates.

Finally, Defendant attempts to demonstrate that Plaintiff Beets did not suffer all of the injuries about which she has complained. But the very medical records and affidavits invoked to support this argument also document a dozen yellow and brown bruises all over Plaintiff's body and

-5-

scratches in her rectal area that she claims to have suffered at the hands of Defendant. Even if this evidence tends to disprove Plaintiff's untrained and preliminary self-diagnosis that she may have suffered broken ribs and lasting damage to her anal tissue as a result of the attack, Defendant has only called into question the extent of Plaintiff's injuries but fails to eliminate Defendant as the cause of her remaining injuries, which doctors only observed eight days after the alleged rape.

Plaintiff Beets has submitted argument, as well as numerous affidavits and exhibits, in support of her claim and in opposition to Defendant's contentions. Having reviewed these documents and having considered them in combination with the shortcomings apparent in Defendant's arguments, as noted above, the Court finds there are genuine issues of material fact and that Defendant is not entitled to judgment as a matter of law.

Accordingly, IT IS ORDERED AND DIRECTED that Defendant's MOTION FOR SUMMARY JUDGMENT be, and it is, **DENIED** and that this matter be set down for trial.

## OTHER MOTIONS

Also before the court are Defendant's MOTION TO STRIKE PLAINTIFF'S RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT (Tab #53) and MOTION TO STAY PROCEEDINGS (Tab #59), as well as Plaintiff's MOTION TO FILE A SECOND SUPPLEMENTAL RESPONSE AND MEMORANDUM IN SUPPORT (Tab #63).

In his MOTION TO STRIKE, Defendant identifies and objects to several exhibits submitted by Plaintiff in support of her response to his motion seeking summary judgment. Defendant contends that these enumerated exhibits are inadmissable and asks that they be struck from the record or not considered by the court in deciding the motion seeking summary judgment. The Court did not consider these exhibits in ruling on this MOTION FOR SUMMARY JUDGMENT. Only Plaintiff's original allegations and Defendant's exculpatory evidence were determinative. The admissibility

of any contested evidence will be made at or nearer trial.  As such, the motion is **DENIED**.

The most recently filed motion that remains pending in this action is Plaintiff's motion seeking leave to file a second supplemental response to Defendant's motion seeking summary judgment.  Having carefully reviewed this motion and Defendant's response thereto, and in light of the fact that the undersigned's decision to deny Defendant's motion for summary judgment did not at all rely upon the information contained in Plaintiff's proposed second supplemental response, the motion is **DENIED**.

**SO ORDERED,** this 1st day of February, 2010..

<div style="margin-left:3em">

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

</div>

CWH/thc/chw/apg