IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TAMMY GODFREY BEETS,<br><br>                Plaintiff,<br><br>v.<br><br>LINDEN ROZIER,<br><br>                Defendant. | **NO. 5:06-CV-192 (CAR)**<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983 |

## ORDER REGARDING TESTIMONY
## OF UNDISCLOSED WITNESSES AT TRIAL

This case is scheduled for trial on March 22, 2010. Plaintiff seeks to have two additional new witnesses testify at trial, neither of whom were disclosed to Defendant until long after the end of the discovery period. [Doc. 106]. Defendant has objected based on this late notice. [Doc. 107]. Carolyn Royal was disclosed in December 2009, and Cacedra Robertson was disclosed in May 2009. Discovery ended in May 2008. The Federal Rules of Civil Procedure provide for exclusion of witnesses for nondisclosure. The Court, in its discretion, has already shown leniency in this regard by permitting the testimony of three other witnesses whom Plaintiff disclosed late. For the reasons discussed below, the Court hereby excludes Royal's testimony on the basis of late disclosure and rules that Robertson's testimony is inadmissible under the Federal Rules of Evidence. Accordingly, Defendant's motion to exclude these two witnesses is **GRANTED**.

### Background

Carolyn Royal and Cacedra Robertson were both serving sentences for forgery and theft at Pulaski State Prison when Defendant worked as a correctional officer at the facility. Robertson remains incarcerated, but Royal has since been released.

The period for discovery in this case was originally set to expire on January 31, 2008. [Doc. 21]. The Court later reopened discovery and set a new deadline of May 30, 2008. [Doc. 37]. Neither Royal nor Robertson was disclosed until many months after this second deadline. Royal first appears on the record more than eighteen months later when Defendant submitted her declaration on December 2, 2009. [Doc. 82]. Robertson was similarly disclosed on May 5, 2009, almost a year after all discovery should have been completed. [Doc. 65].

Carolyn Royal claims that Defendant provided contraband to her as an inmate in order to obtain her loyalty and to reward her for acting as a "lookout" while he engaged in consensual sexual activities with other inmates. Royal's lengthy declaration details her knowledge of Defendant's alleged sexual assault of an inmate named Maureen Baker, who will likely testify to these claims herself at trial. Royal says she can provide much more information, including the names of other officers and inmates with information about Defendant's alleged misconduct. Finally, Royal recounts a conversation she had with Defendant during which she claims he admitted to raping Plaintiff.

Cacedra Robertson's statement also alleges that she acted as a "lookout" for Defendant during a consensual sexual encounter he had with two other female inmates. Her only personal knowledge of Defendant's alleged sexual activities apparently derives from the consensual activities she observed while performing as his "lookout." Robertson also claims to have confronted Defendant about various hearsay statements from other inmates who alleged he had sexually assaulted them. She says he responded that these other inmates had been out to get him for over a decade and that he was not worried or scared by their allegations.

Previously, the Court provisionally permitted the testimony at trial of three witnesses

who were disclosed late by Plaintiff. [Doc. 88]. These three witnesses are Maureen Baker, Amber Atwood, and Nicole Boynton. Plaintiff first disclosed these witnesses to Defendant by filing their respective declarations on March 10, 2009, September 19, 2009, and February 12, 2010. [Docs. 60, 78, and 89]. All three will directly testify that Defendant sexually assaulted them while they were incarcerated. Baker will testify that Defendant raped, beat, and sodomized her on April 11, 2008. [Doc. 89]. Atwood will testify that Defendant raped her later that same day after he learned she had observed his attack on Baker. Id. at 5. Boynton will testify that Defendant forced her into a storage closet before raping and anally sodomizing her in September 2006. Id. at 6. Defendant has had the opportunity to depose all three of these witnesses. [Doc. 91 at 3].

## Legal Standard

A district court may, in its discretion, exclude the testimony at trial of any witness that a party has failed to disclose. See Fed. R. Civ. Pro. 37(c)(1) ("If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). The Eleventh Circuit has adopted a three-part test to guide the district court's analysis in making a determination as to whether to exclude testimony by an improperly disclosed witness. The Court should consider:

   (1) The importance of the testimony;
   (2) The reason for the failure to disclose the witness earlier; and
   (3) The prejudice to the opposing party if the witness is allowed to testify.

Bearint v. Dorell Juvenile Group, Inc., 389 F.3d 1339, 1353 (11th Cir. 2004).

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires parties to make Initial

Disclosures to each other very early in the proceedings. Required disclosures include the names and contact information of any individuals "likely to have discoverable information" that can support a claim or defense in the case. Fed. R. Civ. Pro. 26(a)(1). These Initial Disclosures should have already taken place by the time the Proposed Scheduling and Discovery Order for this case was received in chambers on September 17, 2007. [Doc. 21]. A party's failure to fully investigate the case in a timely manner is no excuse for non-disclosure under the rules. Fed. R. Civ. Pro. 26(a)(1)(E). The parties are also under a continuing obligation to supplement their disclosures within a reasonable time as new information or witnesses become available. Fed. R. Civ. Pro. 26(e).

Before trial, the parties must make additional Pretrial Disclosures. At least thirty days before trial, unless the court orders otherwise, parties must provide each other and promptly file the names and addresses of each witness–separately identifying those the party expects to present, those it may call if the need arises, and any witnesses whose testimony the party expects to present by deposition. Fed. R. Civ. Pro. 26(a)(3). All disclosures must be in writing, signed, and served. Fed. R. Civ. Pro. 26(a)(4).

**Analysis**

Because of her very late disclosure and the nature of her testimony, the Court must exclude Royal as a witness. The risk of prejudice to Defendant by permitting her to testify at this late stage of the litigation would be great, and Plaintiff has provided no good reason for failing to identify her as a potential witness sooner in the case. In addition, a review of Robertson's statement by the Court indicates that any testimony she could provide will be inadmissible under the Federal Rules of Evidence and in accordance with this Court's previous

evidentiary rulings. Lastly, the allegations of Robertson and Royal are largely cumulative to those of other witnesses who will testify at trial.

Testimony by Carolyn Royal

Royal's late disclosure by Plaintiff to Defendant requires the Court to bar her as a witness at trial. The risk of prejudice to Defendant if Royal is allowed to testify is substantial. Plaintiff only disclosed Royal to Defendant in December 2009, more than eighteen months after discovery ended. Further, the nature of Royal's testimony is much more complex than was originally represented to the Court. As such, allowing her to testify places an unfair investigatory burden on Defendant at this late stage in the proceedings.

Even if Defendant could adequately investigate her various claims and locate the many named and unnamed inmates and prison officials she references, Defendant still would not have the opportunity to depose Royal prior to trial. This would put Defendant at a disadvantage when attempting to cross-examine any witness, but especially one who purports to have so much information. Many of Royal's claims, like the alleged rape of Maureen Baker, involve tangential issues to this case, which would further expand the scope of Defendant's investigatory burden.

Defendant's investigatory burden has already been recently compounded by Royal's serious–but very difficult to verify–claims of witness intimidation and bribery by Defendant and others associated with him, at least one of whom was not the person Royal originally represented him to be. [Doc. 103]. This issue also raises the dangers of confusion of the issues and misleading the jury and could result in undue delay and waste of time. Fed. R. Evid. 403.

Finally, serious questions regarding Royal's credibility expand Defendant's investigatory burden even more. Royal, for instance, has an extensive criminal record consisting almost

entirely of crimes of dishonesty ranging from forgery to fraud to theft. See Georgia Department of Corrections, http://www.dcor.state.ga.us/ (follow "GA Offender Search" hyperlink; then search "Carolyn Royal"; then click "All offenders past and present" button). The apparent availability of such extensive impeachment evidence only adds to Defendant's burdens with regard to this witness.

Plaintiff has offered no good reason for failing to disclose Royal until over three years after filing this case. It is unclear exactly how Plaintiff became aware of Royal as a potential witness, but Defendant has submitted a solicitation letter from Plaintiff's counsel to inmates seeking information of any sexual misconduct by Defendant [Doc. 93, Ex. 3]. The mere fact that Plaintiff may not have become aware of Royal as a potential witness until this late date is not an adequate excuse for nondisclosure, especially where more diligent investigative efforts during discovery could have led Plaintiff to Royal sooner. See Fed. R. Civ. Pro. 26(a)(1)(E). Accordingly, the Court must exclude Royal as a witness.

Testimony by Cacedra Robertson

Robertson's testimony is excluded because it is largely irrelevant to these proceedings and carries with it very little probative value. As the Court has ruled orally at two prior hearings, any testimony regarding consensual sexual activity between Defendant and other inmates is inadmissible at trial, because such evidence would be irrelevant and highly prejudicial. [Docs. 88 and 110]. Having reviewed her declarations, it appears to the Court that Robertson's personal knowledge of any illicit activities by Defendant derives largely from her confessed role as his "lookout" during many of Defendant's alleged acts of consensual sex with other inmates. Testimony regarding these activities is inadmissible.

Robertson also claims to have confronted Defendant with prison innuendo of his alleged sexual assaults. His responses to this inquiry are irrelevant to the extent he was talking about inmates other than Plaintiff and inadmissible to the extent he may have been referring to Plaintiff. There is no indication Defendant was referring to Plaintiff's allegations. Regardless, his alleged response that other inmates were out to get him and that he was not worried about the charges is hardly an admission. In fact, these statements are open to the interpretation that he was denying Robertson's allegations outright. Testimony regarding this conversation is too vague and ambiguous to be relevant to these proceedings as an admission by a party-opponent. This aspect of Robertson's testimony is, therefore, inadmissible as irrelevant and prejudicial.

Previously Permitted Testimony of Baker, Boynton, and Atwood

The foregoing analysis is in stark contrast to the situation the Court faced in permitting the testimony of Boynton, Baker, and Atwood. These witnesses will testify to other sexual assaults by Defendant, which goes to the heart of Plaintiff's case, since the claims of these witnesses are very similar to Plaintiff's regarding the nature of the attack.

Federal Rule of Evidence 415 provides that evidence of similar acts in civil cases involving sexual assault may be considered for its bearing on any matter. That the drafters viewed this sort of testimony as so important that they saw fit to codify it separately in the Federal Rules of Evidence is a strong indication of its importance as a matter of policy. The proffered testimony by these witnesses is a textbook example of Rule 415 evidence.

Moreover, the Court cannot exclude this evidence under Rule 403. The probative value is very high, because this testimony would tend to show Defendant's *modus operandi*. While this evidence certainly may prejudice Defendant's case, it does not present a great risk of *unfair*

prejudice, especially since it is precisely the kind of evidence contemplated by Rule 415.

To limit any potential prejudice, the Court also provided Defendant a full and fair opportunity to depose and investigate these witnesses before trial, despite the fact Plaintiff only became aware of them after discovery and, thereby, did not timely disclose them.  Defendant would not have that opportunity with Royal or Robertson.  The great importance of this testimony, as reflected in the Federal Rules of Evidence, outweighs any danger of prejudice to Defendant.

As for Baker and Atwood, Plaintiff was justified in not disclosing them during discovery, because the alleged sexual assaults against them did not take place until April 11, 2008, which was after the original close of discovery and just a month before the reopened discovery deadline.  Thus, even a reasonable investigation of the case during discovery would not likely have led Plaintiff to Baker or Atwood.

## Conclusion

For the foregoing reasons, the value of any testimony by Carolyn Royal does not justify the potential prejudice to Defendant resulting from her late disclosure, and evidentiary considerations will bar any testimony by Cacedra Robertson.  The Court, therefore, will not permit either to testify at trial.  Defendant's motion to exclude these witnesses is hereby **GRANTED**.

**SO ORDERED,** this 18th day of March, 2010.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT JUDGE

THC/apg/chw