# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

TAMMY GODFREY BEETS, :
 :
    Plaintiff, :
 : Civil Action
v. : No. 5:06-CV-192 (CAR)
 :
LYNDON ROZIER, :
 :
    Defendant. :

## ORDER ON PLAINTIFF'S MOTION FOR NEW TRIAL

Currently before the Court is Plaintiff's Motion for New Trial [Doc. 146]. In her motion, Plaintiff contends that four evidentiary errors warrant the grant of a new trial in her section 1983 suit seeking damages for the alleged violation of her Eighth Amendment rights by a prison guard. After review of the parties' briefs and the relevant case law, the Court concludes that the plaintiff has not established any grounds for the grant of a new trial. Accordingly, Plaintiff's Motion for New Trial is **DENIED**.

In her motion, Plaintiff highlights four evidentiary errors she contends warrant a new trial: 1) the introduction of an irrelevant phone call wherein the plaintiff's husband mentioned the "N" word; 2) the defendant's testimony wherein he stated that he had passed a polygraph examination; 3) the Court's decision not to allow the testimony of Carolyn Royal; and 4) the Court's decision to preclude testimony regarding the basis for the defendant's discharge from the Georgia Department of Corrections. The grant of a new trial on evidentiary grounds requires not only an evidentiary error, but an error that has caused substantial prejudice to the affected party. Peat, Inc. v. Vanguard Research, Inc., 378 F.3d 1154, 1162 (11th Cir. 2004).

In this case, Plaintiff has failed to establish that any evidentiary error has occurred at all. At the outset, the Court notes that the plaintiff has not cited a single legal authority in its motion to demonstrate why the alleged evidentiary errors are in fact errors. Local Rule 7.1 requires that all motions be accompanied by a memorandum of law containing citation to legal authority. M.D. Ga. Local Rule 7.1. It is not the duty of the Court to unearth the parties' legal arguments for them. Cf. N.L.R.B. v. McClain of Georgia, Inc., 138 F.3d 1418, 1422 (11th Cir. 1998) (noting that in an appeal, "[i]ssues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived"). Plaintiff's failure to provide any legal authority supporting its position is enough to warrant denial of the motion. Nevertheless, the Court will briefly address the plaintiff's alleged points of error.

1. Phone Call Wherein Plaintiff's Husband Mentioned the "N" Word

Plaintiff has demonstrated no prejudicial error on this point. Plaintiff correctly observes that the defense played a phone call before the jury wherein the plaintiff's husband used the "N" word. Plaintiff also correctly observes that the Court interviewed the jurors individually to assess the effect of the call and excused one juror that admitted he could no longer be neutral. The Court also issued a curative instruction regarding the recording. Even assuming that the admission of the recording was improper and prejudicial, the Eleventh Circuit has held that a curative instruction can render a prejudicial remark harmless. See Lathem v. Dep't of Children & Youth Svcs., 172 F.3d 786, 792 (11th Cir. 1999) ("A curative instruction may render prejudicial remarks harmless."). Accordingly, Plaintiff has failed to demonstrate that the admission of the phone call was an error that resulted in substantial prejudice.

2. Defendant's Statement Regarding Polygraph

Plaintiff has also failed to demonstrate prejudicial error on this point. As Plaintiff notes, the

defendant acted contrary to the Court's order prohibiting any evidence regarding polygraph results when he stated during his testimony that he had passed a polygraph. But again, the Court issued a curative instruction regarding the statement. The Eleventh Circuit has consistently held that curative instructions can remedy any improper introduction of polygraph evidence. See, e.g., United States v. Russo, 796 F.2d 1443, 1453 (11th Cir. 1986). Thus, no prejudicial error has been established on this point.

3. Exclusion of Carolyn Royal's Testimony

Plaintiff has failed to establish that the Court committed prejudicial error in excluding Carolyn Royal's testimony. The Court excluded this testimony for failure to comply with Rule 37(c) of the Federal Rules of Civil Procedure. Rule 37(c) provides for the exclusion of witnesses that are not properly identified pursuant to Rule 26(a) of the Federal Rules of Civil Procedure unless such failure was substantially justified or harmless. Fed. R. Civ. P. 37(c). As noted previously [Doc. 122], Royal was not identified until more than eighteen months after the close of discovery. Furthermore, the Court determined in its discretion that Plaintiff's failure to locate Royal was not a substantial justification and that the defendant would be harmed by the introduction of Royal so close to trial. Plaintiff has not established that these determinations were erroneous.

4. Exclusion of Testimony Regarding Basis for Defendant's Discharge

Finally, Plaintiff has failed to establish any prejudicial error on this point as well. This testimony was properly excluded under Fed. R. Evid. 403. The probative value of this testimony in relation to the events alleged in Plaintiff's suit was low. On the other hand, the risk of unfair prejudice as a result of the this testimony was high. The testimony would have invited the jury to infer that because Defendant was fired from the Department of Corrections for accepting money to bring in contraband, he was more likely to have acted improperly in committing the acts alleged in

this suit. Such use is prohibited by Fed. R. Evid. 404(a). Because the risk of unfair prejudice substantially outweighed the probative value of the evidence, it was properly excluded under Rule 403. Moreover, to the degree the evidence was pertinent to general security concerns or the presence of contraband at the prison, Plaintiff was allowed to introduce other evidence related to those issues. Thus, even assuming any error in excluding testimony regarding Defendant's termination, such error did not cause substantial prejudice to the plaintiff. Accordingly, Plaintiff has not established any prejudicial error on this point.

## CONCLUSION

Because Plaintiff has failed to establish any grounds for granting a new trial, Plaintiff's Motion for New Trial [Doc. 146] is **DENIED**.

SO ORDERED this 20th day of October, 2010.

> S/ C. Ashley Royal
> C. ASHLEY ROYAL, JUDGE
> UNITED STATES DISTRICT COURT

bcw